# Town of Charlotte v. J. Michael Richmond, James Barton and Maurice Lapierre

[609 A.2d 638]

No. 90-528

Present: Allen, C.J., Dooley and Johnson, JJ., and Peck, J. (Ret.), Specially Assigned

Opinion Filed February 14, 1992

Motion To Clarify Mandate Denied April 23, 1992

*Steven F. Stitzel* of *Stitzel & Page, P.C.*, Burlington, for Plaintiff-Appellee.

*Robert B. Hemley* of *Gravel and Shea*, Burlington, for Defendants-Appellants.

**Allen, C.J.** Defendants appeal from an amended order of the superior court limiting the volume of their used car sales to fifty-two cars per year. The Town of Charlotte cross-appeals, arguing that the court lacked jurisdiction to entertain defendants' affirmative defense of nonconforming use. We agree with the town and therefore vacate the court's amended order. We remand for an order enforcing the town's determination that defendants operated their business in violation of its zoning ordinance and for a determination of fines.

This case originated with a notice, issued by the town's zoning administrator pursuant to 24 V.S.A. § 4444(a) in late 1986, that advised defendants that their used car business violated the Charlotte zoning ordinance and ordered them to cease its operation. That notice stated, in part: "all sales of used, or rebuilt, vehicles at the property referred to as "Hutchins' Garage" . . . must *cease immediately*." (Emphasis in original.) The town's position was that the sale of any used cars constituted an impermissible changed use from a pre-existing nonconforming use for conducting repairs, selling gasoline, and providing towing services. In late 1987, following defendants' failure to comply with the notice, the town initiated an action in superior court seeking an injunction and monetary penalties. The court ordered defendants to cease operation of their used car business and pay fines of $10 per day for the period from October 17, 1976 to the date of the order, and pay fines of $50 per day for

every day of operation in violation of the order. Defendants moved for a stay and modification of the injunction and for a new trial. On February 21, 1990, the court granted a stay and suspended accumulation of fines until August 13, 1990, to give defendants an opportunity to prepare a transcript and memoranda.

The court amended the original order on October 24, 1990 to permit the sale of fifty-two cars per year by defendants, with no more than four cars on the lot at one time. The court based this amendment on its conclusion that defendants enjoyed a nonconforming use for fifty-two cars per year that predated the zoning ordinance. The trial court also granted a stay of the monetary penalties, pending appeal, retroactive to August 13, 1990.

Because we rule that the trial court lacked jurisdiction to entertain the defense of nonconforming use, we do not reach defendants' three arguments, which all flow from that defense. The town, on cross-appeal, makes three claims. First, the town maintains that 24 V.S.A. § 4472 bars defendants' defense of nonconforming use. Second, it assigns error to the trial court's conclusion that the defendants' use of the property constituted a nonconforming use. Finally, it claims that the court improperly stayed the accumulation of fines. We agree with the town's first argument, and therefore do not reach the second. We vacate the amended order of October 24, 1990 and remand for an order consistent with this opinion including a determination of monetary penalties.

## I.

The first issue raised by the town's cross-appeal is whether the trial court had jurisdiction to consider defendants' defense of nonconforming use. We conclude that it did not.

■ An interested person may appeal any decision or act taken by the zoning administrative officer to the local zoning board of adjustment. 24 V.S.A. § 4464. This is the exclusive statutory remedy for persons aggrieved by local zoning decisions or actions. 24 V.S.A. § 4472(a). This Court has "strictly enforced the exclusivity-of-remedy provision consistent with the evident legislative intent to require all zoning contests to go through the administrative review process in a timely fashion." *Town of Sandgate v. Colehamer*, 156 Vt. 77, 84, 589 A.2d 1205, 1209

(1990). Moreover, 24 V.S.A. § 4472(d) provides that in the absence of an appeal, all parties are bound by local zoning decisions and "shall not thereafter contest, either directly or indirectly, such decision or act . . . in any proceeding, including, without limitation, any proceeding brought to enforce this chapter." In *Colehamer*, we held that "[b]y its terms, § 4472(d) clearly applies to defenses raised in enforcement proceedings . . . ." 156 Vt. at 85, 589 A.2d at 1210.

We discern no reason to depart from the clear language of the statutes or *Colehamer*. Defendants failed to appeal to the Charlotte board of adjustment when notified that they were in violation of the zoning ordinance.* Having failed to appeal the determination by Charlotte's zoning administrator, defendants were bound by his decision. Defendants' affirmative defense of a permitted nonconforming use was therefore barred by their failure to appeal.

Defendants' argument that they raised constitutional issues at trial and thereby met the exception of § 4472(b) is without merit. Section 4472(b) establishes a limited exception to the exclusivity-of-remedy provision for challenges to the constitutionality of any zoning ordinance or bylaw. In such cases, the challenging party receives a trial de novo and need not appeal to the board of adjustment. This exception clearly applies only to constitutional challenges to an ordinance, and "does not authorize a constitutional attack on the application of the ordinance to . . . particular facts." *Hinsdale v. Village of Essex Junction*, 153 Vt. 618, 627, 572 A.2d 925, 930 (1990). As we noted in *Hinsdale*, a landowner can readily restate a zoning claim in constitutional terms seeking "to undermine the finality and stability the Legislature has sought by enacting 24 V.S.A. § 4472." *Id.* Defendants did not challenge the constitutionality of the Charlotte ordinance, but merely reasserted their zoning claim in vague constitutional terms. Our holding in *Hinsdale* precludes such a challenge.

Defendants' argument that the town waived its jurisdictional claim by failing to assert it below also fails. 24 V.S.A. § 4472 expressly deprives the superior court of subject matter

---

* We find no evidence of an appeal to the board in the record. The failure to appeal is asserted by the town and not contradicted by defendants.

jurisdiction when a timely appeal is not taken to the board of adjustment. Subject matter jurisdiction cannot be waived, and the town was free to allege that defect for the first time before this Court. In *McGlynn v. Town of Woodbury*, we ruled that failure to pursue the exclusive remedy of direct appeal from the board of adjustment to the superior court deprived the court of jurisdiction to consider the issues through an action for declaratory judgment. 148 Vt. 340, 343, 533 A.2d 1187, 1189 (1987). See also *Marathon Oil Co. v. United States*, 807 F.2d 759, 768 (9th Cir. 1986) ("Statutory exhaustion requirements implicate concerns of separation of powers and, therefore, the failure to comply with the requirements deprives [the courts] of jurisdiction."). It is axiomatic that lack of subject matter jurisdiction of the trial court may be raised for the first time on appeal to this Court. See, e.g., *Soucy v. Soucy Motors, Inc.*, 143 Vt. 615, 617, 471 A.2d 224, 225 (1983).

■ We conclude that the superior court lacked jurisdiction to consider defendants' defense of nonconforming use and to permit the sale of fifty-two cars per year. The court was bound by the decision of the zoning administrator who found defendants to be in violation of the town's zoning ordinance. We therefore vacate the amended order of October 24, 1990.

## II.

The town claims that the trial court improperly stayed the accumulation of fines, assessed in accordance with 24 V.S.A. § 4444(a), by its orders of February 21 and October 24, 1990. The combined effect of these orders was to suspend the accumulation of the $50 per day penalty from February 21, 1990 through the appellate process. The town does not dispute the authority of the court to issue the stay, and we do not address that issue. The town claims instead that the effect of the stay was to permit defendants to continue the illegal operation of their business with impunity, contrary to our holding in *Town of Sherburne v. Carpenter*, 155 Vt. 126, 582 A.2d 145 (1990). In that case, we held that a trial court may not impose a cap on fines by limiting the number of days to which the statutory penalty will apply. *Id.* at 133, 582 A.2d at 150. There, the trial court imposed a fine of $50 per day, but recognized only twenty days of violation, thereby capping the penalty at $1000. *Id.* at 133, 582 A.2d at 149.

■ Here, the court did not expressly impose a cap on the monetary penalty by limiting the number of days to which it would apply. Rather, the court issued a stay of its orders pending a motion to modify and pending an appeal to this Court. *Carpenter*, then, is inapposite. Although the effect of the stay is to reduce the penalty, the town does not challenge the authority of the court to issue that stay. On remand, the superior court may not assess penalties for the period covered by the stays.

*The October 24, 1990 order of the superior court is vacated and the matter is remanded for issuance of an order not inconsistent with this opinion.*