**In re TAFT CORNERS ASSOCIATES**

[650 A.2d 520]

No. 93-581

October 18, 1994.

In January 1991, Williston Zoning Administrator David Spitz approved the request of Taft Corners Associates (TCA) to reconfigure three lots of its Taft Corners subdivision into two larger lots. The administrator approved the reconfiguration as a boundary adjustment, exempting the lots from subdivision review under § 720 of the Williston subdivision regulations.

No party appealed the administrator's approval of TCA's reconfiguration.

TCA next sought a site plan review for the purpose of constructing a Wal-Mart and Sam's Price Club on the new lots. The administrator approved the site plan at a March 1991 public hearing, rejecting WCRG's argument that the lots required subdivision review. WCRG appealed this decision to the zoning board of adjustment, which approved the site plan in May 1991.

WCRG challenged the board of adjustment's approval of the site plan in superior court, arguing that the reconfigured lots were subject to subdivision review, and that the board had erroneously approved the reconfiguration as a boundary adjustment. The superior court held in March 1992 that the new lots constituted a "re-subdivision" under the Williston subdivision regulations, and sent the matter to the planning commission with instructions to hold a public hearing on whether subdivision review was appropriate.

After a public hearing in April, the planning commission approved the site plan in June 1992, deciding that subdivision review was not required. WCRG appealed this decision to the superior court, arguing, among other things, that TCA's reconfiguration required subdivision review. In November 1993, the court granted TCA's motion for summary judgment, and this appeal followed.

We hold that the superior court lacked subject matter jurisdiction over TCA's reconfiguration because no party appealed from the administrator's January 1991 decision that the reconfiguration was merely a boundary adjustment.

Interested persons may appeal a zoning administrator's decision to the board of adjustment within fifteen days of the decision. 24 V.S.A. § 4464. An appeal from the zoning administrator to the board of adjustment is the exclusive remedy for a party aggrieved by the administrator's decision. 24 V.S.A. § 4472(a); see also *Town of Charlotte v. Richmond*, 158 Vt. 354, 356, 609 A.2d 638, 639 (1992) (appeal to board of adjustment is exclusive statutory remedy for aggrieved persons). If a timely appeal is not taken to the board of adjustment under § 4464, the superior court is barred under § 4472(d) from asserting jurisdiction. *Town of Charlotte*, 158 Vt. at 357–58, 609 A.2d at 640; see also *Boutwell v. Town of Fair Haven*, 148 Vt. 8, 10, 527 A.2d 225, 226 (1987) (failure to appeal extinguishes subject matter jurisdiction). This is true even if the administrator's ruling is ultra vires. See *Levy v. Town of St. Albans*, 152 Vt. 139, 142, 564 A.2d 1361, 1364 (1989) (§ 4472 bars collateral attack of board of adjustment decision even if decision is ultra vires).

The zoning administrator resolved all issues regarding TCA's reconfiguration, including the question of subdivision review, when he approved the lots as a boundary adjustment on January 24, 1991. That decision became final on February 8, 1991 because no party appealed it to the board of adjustment. The superior court, therefore, did not have subject matter jurisdiction over WCRG's appeals concerning the reconfiguration and subdivision review in March 1992 and November 1993.[*]

WCRG argues that TCA failed to raise lack of subject matter jurisdiction as a defense in the proceeding below, and therefore has waived that issue on appeal. Subject matter jurisdiction may not be waived, *Town of Charlotte*, 158 Vt. at 358, 609 A.2d at 640, and TCA appropriately raised it before this Court.

Inasmuch as the court lacked subject matter jurisdiction over the subdivision review issue, we do not reach WCRG's other claimed errors.

_____

[*] The planning commission lacked jurisdiction over TCA's reconfiguration after February 8, 1991 for the same reasons.

*For the above reasons, the decision of the superior court is vacated and the appeal is dismissed.*