STATE OF VERMONT

ENVIRONMENTAL COURT

Town of Stowe,Plaintiff,           }
                                    }
v                                   }
                                    }  Docket No. 181-8-00 Vtec
                                    }
William Noyes, d/b/a Willie's      }
Village Auto, Defendant.           }

Decision and Order on Appellant's Motions for Summary Judgment

The Town of Stowe brought this zoning enforcement action seeking injunctive relief and fines against Defendant William Noyes. The Town is represented by Amanda S.E. Lafferty, Esq.; Defendant is represented by Carl H. Lisman, Esq. The Town has moved for summary judgment.

The following facts are undisputed unless otherwise noted.

Defendant operates an auto repair facility on his property at 100 Weeks Hill Road in the West Branch Community Service zoning district of the Town of Stowe, under a permit issued to him in 1975.

On or about May 31, 2000, the Town's Zoning Administrator issued a notice of zoning violation to Defendant, describing the following zoning violations:

#1 - Operation of a trucking company with its main base of operations at 100 Weeks Hill Road is an additional use not previously reviewed or approved.

#2 - Outside storage of automotive & truck parts, scrap metal, and other equipment and debris in violation of previous conditions of approval. No outside storage of parts, materials, or unregistered cars is currently permitted.

#3 - Storage & parking of cars, motorcycles, parts, etc., between the front of the building and Weeks Hill Road in violation of previous permit conditions restricting this area to visitor parking.

#4 - Expansion of the area used for parking and storage beyond that previously approved.

#5 - Parking of greater [sic] than 34 vehicles at one time in violation of previous permit conditions.

The Notice of Violation gave Defendant the following two options for corrective action to cure the violation: either to "return the property to approved conditions" or to apply to the ZBA for conditional use approval (amendment) to reflect the current conditions and the trucking use.

Defendant did not appeal the Notice of Violation. Rather, he applied for various approvals, essentially following the second option in the notice of violation.

The Town filed the complaint in the present case on August 23, 2000, seeking injunctive relief and fines. The Town's Motion for Summary Judgment requests judgment in the Town's favor, arguing that Defendant cannot now contest the asserted violation. 24 V.S.A. § 4472.

Defendant seeks to present his arguments to the Court that since obtaining his 1975 permit he has always repaired trucks as well as automobiles, that he has always towed or carried disabled vehicles to his property to do repairs on them, that he has always stored vehicle parts outdoors, that he has approval to park at least 36 and possibly a total of 70 vehicles on the property, and that he has not engaged in any land development requiring a permit. The Town argues that Defendant is precluded from maintaining these arguments as defenses to the existence of the violations in the enforcement case, because he failed to appeal the zoning administrator's notices of violation to the Zoning Board of Adjustment. 24 V.S.A. § 4472(a) and (d).

The Vermont Supreme Court has consistently and recently held that a landowner who fails to appeal a zoning administrator's notice of violation to the ZBA cannot assert defenses to the violation in a later enforcement proceeding, other than defenses asserting the facial unconstitutionality of an ordinance provision. "The broad and unmistakable language of this provision is designed to prevent any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes." City of South Burlington v. Vermont Dep't. of Corrections, 11 Vt. L. Wk. 219, 220 (2000). The Court recognizes that by enacting 24 V.S.A. § 4472, the Legislature sought to provide litigants in zoning cases with finality and stability in their land use decisions. See, e.g. Hinsdale v. Village of Essex Junction, 153 Vt. 618, 627 (1990).

In In re Newton Enterprises, 167 Vt. 459 (1998), a landowner who had failed to appeal a notice of violation was precluded from asserting a non-conforming use defense in the subsequent enforcement action, although the landowner was free to apply for a permit to bring the project into compliance, as Defendant has done here. In In re Taft Corners Associates, 162 Vt. 638 (1994), the trial court lacked subject matter jurisdiction to consider the legal issue of whether a reconfiguration of three lots into two was a "resubdivision" requiring a permit, because no party had appealed from the zoning administrator's earlier decision that it was a "boundary adjustment" not requiring a permit. In both Reid v. Town of Charlotte, 160 Vt. 606 (1993) and Town of Charlotte v. Richmond, 158 Vt. 354 , 356 (1992), landowners were precluded from asserting a non-conforming use defense in enforcement cases, as they had failed to appeal the notices of violation. Also see Town of Sandgate v. Colehamer, 156 Vt. 77 (1990) (defendant's exclusive remedy to challenge validity of the zoning regulation was in the appeal process from the zoning administrator's decision to cite him for violation); Boutwell v. Town of Fair Haven 148 Vt. 8 (1987) (failure to appeal extinguishes subject matter jurisdiction); and see Town of Hinesburg v. Dunkling, 167 Vt. 514 (1998) (landowner had failed to appeal ZBA decision declining to change permit conditions; in subsequent enforcement action, trial court granted summary judgment on violation but held hearing on appropriate remedy).

Because Defendant failed to appeal the zoning administrator's notice of violation to the Zoning Board of Adjustment, he is precluded from arguing as a defense to the enforcement action that the listed activities did not amount to a violation.

However, we note specifically that the Court may take these arguments into account in determining the appropriate remedy in this matter, even though Defendant is bound by the unappealed notices of violation as to the existence of the violations. Town of Hinesburg v. Dunkling, 167 Vt. 514 (1998); In re Cumberland Farms, Inc., 151 Vt. 59, 64 (1989) (if town chooses to bring an enforcement action, circumstances surrounding the violation may be relevant in determining appropriate remedy). Further, in the present case, Defendant may argue that he complied with the Notice of Violation's second option by applying for the permit amendments, regardless of whether he is precluded from arguing that no permit was necessary. In the hearing on the remedy phase of this matter, we will consider whether Defendant's conditional use application has since been granted, and will consider the analysis in Town of Sherburne v. Carpenter, 155 Vt 126, 131-32 (1990) in fashioning an appropriate remedy.

Accordingly, based on the foregoing, the Town's Motion for Summary Judgment is GRANTED as to the existence of the violations stated in the Notice of Violation, but is DENIED as to the remedy to be imposed for those violations, both as to whether any injunctive relief is appropriate and as to whether or how much of a monetary penalty should be imposed. We will hold a telephone conference on June 1, 2001, to determine the parties' positions as to whether any hearing is necessary to address the remaining issues in this case.

Done at Barre, Vermont, this 7th day of May, 2001.


_____
Merideth Wright
Environmental Judge