STATE OF VERMONT

ENVIRONMENTAL COURT

Town of Elmore, Plaintiff,                     }
                                               }
v                                              }    Docket No. 100-5-00 Vtec
                                               }
Harland and Lynette Manning,                   }
Defendants.                                    }

<u>Decision and Order</u>

The Town of Elmore brought this zoning enforcement action against Harland and Lynette Manning, seeking to have them remove a mobile home placed on their property, and seeking a fine of $100 per day for each day of violation. By letter accompanying the returns of service on July 13, 2000, the Town= s attorney informed the Court that Defendants had applied for and would receive a permit for the structure, and that A the only outstanding matter would be the question of whether or not and to what extent the Court would assess a fine and costs.@

The Town of Elmore is represented by Richard L. Brock, Esq; Defendants are represented by Paul S. Gillies, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, at the close of which the parties made oral arguments on the record. Upon consideration of the evidence and the oral arguments on the record, the Court finds and concludes as follows.

Defendants= daughter had purchased an 8' x 42' mobile home (also referred to as a > trailer= ) and had it delivered to Defendants= property on Route 12 near the south end of Lake Elmore in the fall of 1999. She intended to install it on land in Wolcott. The mobile home was parked close to the road. When the zoning administrator inquired, Defendants informed him that the mobile home belonged to their daughter and that it would be there only a few weeks while they were fixing it up.

However, Defendants= daughter= s plans fell through and the mobile home remained in that location on Defendants= property until the spring of 2000. Defendants agreed with their daughter to take ownership of the mobile home and intended to use it for hay storage when it could be moved to the back of their property once the ground had firmed up after mud season. The mobile home was never connected to any utilities nor was it used as a residence. While it was in the location close to the road, it was used only intermittently for temporary storage of pickup loads of hay, until the hay could be dragged down to the barn. While the mobile home was in the location close to the road, it had curtains or shutters across the lower portions of the windows, so that an observer from the outside could only see the upper part of the interior space and could not see whether the interior furnishings had been stripped or whether it was in use for any purpose.

In the spring of 2000, Defendants= grieved the reappraisal of their property which had taken into account the mobile home, stating that the mobile home was overvalued, and that they intended to gut the mobile home, move it to the rear of the property, and use it for hay storage. It was in fact moved to the rear of Defendants= property in early June of 2000 and used for hay storage.

On March 14, 2000, the Zoning Administrator issued a Notice of Violation, stating as the violation A the placement of a mobile home without obtaining a zoning permit.@ The Notice of Violation directed them either to move the mobile home to an A allowable lot and obtain a zoning permit,@ or to remove the mobile home and A associated land development@ and return the property to

its A pre-development condition.@ The Notice of Violation gave Defendants seven days to correct the violation, or be subject to injunctive relief and fines of up to $50[1] per day. They did not appeal the Notice of Violation, and it became final.

Since Defendants did not appeal the Notice of Violation to the ZBA or to this Court, they cannot now contest whether the placement of the mobile home on their property without a zoning permit was in fact a violation. 24 V.S.A. ' 4472(d). In re Appeal of Newton Enterprises, 167 Vt. 459 (1998); Town of Charlotte v. Richmond, 158 Vt. 354 (1992); Town of Sandgate v. Colehamer, 156 Vt. 77 (1990).

However, because the Court will consider the circumstances of the violation in determining an appropriate remedy in this matter, we will go on to examine whether the placement of the mobile home on the property without a permit was a violation, and whether its use for hay storage required a permit.

The mobile home is a A structure@ under the Zoning Regulations (' II(30)) and may also fall within the definition of A building.@ (' II(4)). Even under the Agriculture Department= s regulations for structures used for agricultural uses, ' 4.07(b), a town= s setback regulations must be complied with. Therefore, regardless of the use of the mobile home for hay storage, the placement of the mobile home may have been in violation for its location within the front setback, from the fall of 1999 to the date when it was moved, even if its location was not within the road right-of-way[2]. However, the Notice of Violation did not allege a violation of Defendants= placement of the mobile home within the front setback. Rather, the Notice of Violation alleged as the violation the placement of the mobile home on their property without a zoning permit, and required it to be moved to an A allowed lot@ with a zoning permit.

Within a few days of the issuance of the Notice of Violation, Defendants stated their intent to use it for agricultural storage use and to place it to the rear of their own lot as soon as it could be moved. Under the particular language of the 1988 Zoning Regulations (in effect at the time of these events), an agricultural use does not even require a zoning permit. (' IV(A)(1)). The Zoning Regulations= definition of A agriculture,@ ' II(2), is broader than that in the state regulations, and covers Defendants= hobby farming or keeping horses for their household, regardless of the number of horses. Therefore, the placement of the mobile home on Defendants= lot for the purpose of hay storage did not require a zoning permit at the time of its placement. Defendants acquired a vested right to the application of those regulations from the time the mobile home was placed on their property and used for hay storage. Accordingly, by moving it to the rear of their property and using it for hay storage, Defendants had complied with the Notice of Violation. That is, they placed it on an approved lot, for which no zoning permit was required (although they also did apply for a permit for its new location as of June 13, 2000, and did receive that permit on or about July 10, 2000).

Because the mobile home was used for the agricultural use of hay storage at least from seven days after the Notice of Violation, because the Notice of Violation did not allege the location of the mobile home in the front setback as a violation, and because it was moved to an allowed location as soon as the ground conditions would allow it to be moved, no penalty is warranted under 24 V.S.A. ' 4444. Based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendants shall pay a penalty of zero dollars per day for the violation as stated in the Notice of Violation which Defendants failed to appeal.

Dated at Barre, Vermont, this 16th day of July, 2001.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1].    Although the complaint requests fines of $100 per day, this language in the Notice of Violation would limit the fines to $50 per day.

[2].    No party established the width of the road right-of-way; the mobile home was located 33 feet from the centerline of the road.