# STATE OF VERMONT

# ENVIRONMENTAL COURT

Town of Woodstock v.   }
First Student, Inc.      }
                      }  Docket No.  36-3-03
                      }
                      }  Vtec
                      }
                      }

## Decision and Order on Motion to Dismiss and in Opposition to Injunctive Relief

The Town of Woodstock filed this complaint to enforce the terms of, and also to revoke, its zoning permit T-2536-96. This permit had also been the subject of two appeals in this Court, a final decision in which was issued on January 6, 2003. Defendant First Student, Inc. appealed in Docket No. 138-8-01Vtec from the denial of an amendment to its conditional use approval to allow parking of 21 school buses on site year-round, and appealed in Docket No. 211-12-01 Vtec from the denial of an amendment to its conditional use approval to allow parking of 21 school buses on site during the day and 17 overnight, year-round. In those appeals this Court also denied First Student, Inc.= s proposals to amend its conditional use approval to allow the parking of 17 or 21 school buses on the property year-round.

The Town of Woodstock is represented by Todd C. Steadman, Esq., Emily S. Davis, Esq., and Laurie S. Levin, Esq.; Defendant First Student, Inc., is represented by Thomas Hayes, Esq. Defendant has moved to dismiss the complaint for failure to state a cause of action and because the remedies sought are not available in this Court.

The Complaint alleges in Count I violations of the number of buses on site; in Count II violations of the requirement that the buses park in a designated screened parking area; in Count III violations of the designated parking area for private vehicles; and in Count IV violations of the town= s performance standards when the buses are idling. The Complaint seeks damages, injunctive relief with regard to parking location and the number of buses on site, and revocation of its zoning permit T-2636-96.

First, with respect to the claims for relief, Defendant is correct that nothing in the zoning enabling act, 24 V.S.A. Chapter 117, provides for a Town to receive damages in an enforcement action. In a successful

enforcement action, a Town can receive monetary penalties under 24 V.S.A. ' 4444 of up to $100 per day (or such lesser amount as provided for in the Town= s zoning regulations). However, a prerequisite of a claim under ' 4444 is a notice of violation and opportunity to cure. The Administrative Officer issued a notice of violation regarding Count I, the number of buses allowed to be parked on site, on February 10, 2003. Therefore, with respect to Count I only, the motion to dismiss is DENIED; leave is hereby given to the Town to amend its Complaint to claim the statutory monetary penalty rather than > damages.= With respect to monetary penalties for the remaining three counts, the motion to dismiss is GRANTED; without prejudice to any further filings if and after the required notice of violation and opportunity to cure has been provided to Defendant. We note for the parties= consideration that a notice of violation must have been appealed in order for a defendant to contest the existence of the violation in a later enforcement action. 24 V.S.A. ' 4472(a); <u>Town of Charlotte v. Richmond</u>, 158 Vt. 354 (1992).

Defendant is also correct that nothing in the zoning enabling act, 24 V.S.A. Chapter 117, provides for a Town to revoke a permit that has become final. In some municipalities, a permit application contains language that any permit will become void for misrepresentation on the permit application; however, that is not the claim made in this complaint. Therefore, with respect to the request for relief for revocation of Defendant= s zoning permit the motion to dismiss that request for relief is GRANTED.

Both 24 V.S.A. ' 4445 and 24 V.S.A. ' 4470(c) provide for prospective injunctive relief, the former for violations of the ordinance and the latter for violations of orders of the ZBA (or this Court on appeal). Accordingly, Defendant= s motion to dismiss the request for injunctive relief is DENIED.

At a telephone conference held today with Attorneys Davis and Hayes, at which Judge Wright outlined the substance of this order, the parties agreed that they would need to do discovery on the dates of violation on Count I, that they may also wish to discuss settlement, that in any event the hearing would not take more than half a day, and that they agreed to its being rescheduled to September 23, 2003, beginning at 1 p.m., at the courtroom in the Oakes building at the Vermont Law School. Accordingly, enclosed with this order is the rescheduled notice of hearing.

Done at Barre, Vermont, this 21st day of July, 2003.

_____

Merideth Wright
Environmental Judge

_____

## Footnotes

1. The zoning permit number appears as T-2536-96 in the prayer for relief and the February 10, 2003 notice of violation, and as 2**6**36 in paragraph 2 of the Complaint.