STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Benning Accessory Use Permit | } | Docket No. 184-9-09 Vtec |
| (Appeal of Senesac) | } | |
| | } | |

Decision and Order on Motion for Partial Summary Judgment

Appellants David and Denise Senesac (Appellants) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Ferrisburgh regarding a zoning permit issued by the Zoning Administrative Officer (Administrative Officer) to Appellee-Applicant Dan Benning (Applicant). Appellants are represented by Andrew H. Montroll, Esq.; Appellee-Applicant has appeared and represents himself. The Town has not entered an appearance in this matter.

Appellants have moved for summary judgment on Questions 1, 2, 3, 5, 6, 9, and 10 of the Revised Statement of Questions. Question 1 asks whether Applicant's permit application was an impermissible successive application. Questions 2, 3, 5, and 6 ask whether the permit should have been denied under several provisions of the Town of Ferrisburgh Zoning Bylaw (Bylaw).[1] Question 9 asks the Court to determine whether Appellants should have been given personal and actual notice of the permit application. Question 10 asks whether a revocation letter issued by the Administrative Officer validly revoked the permit at issue in this appeal.

A grant of "summary judgment is appropriate when, giving the benefit of all reasonable doubts and inferences to the nonmoving party, there are no genuine issues

---

[1] The Bylaw was adopted in 1988 and last amended in 2001. Now-pending amendments to the Bylaw had not yet been noticed for public hearing as of the date of the application in this matter. See 24 V.S.A. § 4449(d) (stating that applications filed during the first 150 days after the date of public notice for a first public hearing on bylaw amendments are to be reviewed under new proposed provisions).

1

of material fact and the moving party is entitled to judgment as a matter of law." Gade v. Chittenden Solid Waste Dist., 2009 VT 107, ¶ 7 (citing Mooney v. Town of Stowe, 2008 VT 19, ¶ 5, 183 Vt. 600 (mem.); V.R.C.P. 56(c)). The following facts are undisputed unless otherwise noted.

Procedural History Regarding Applicant's Detached Garage

Applicant owns a residential parcel of property, containing a house and a detached three-bay garage, located at 440 Burroughs Farm Road in a Rural Agricultural (RA-5) zoning district of the Town of Ferrisburgh. Appellants own the adjoining residential property to the south.

The 2002 Application

In 2002, Applicant submitted Permit Application No. 02-176 (the 2002 Application), which sought conditional use approval from the ZBA to operate an automotive repair service in the three-bay detached garage on his property. The space on the permit application form labeled "Proposed Construction" was filled in stating "Acces[sory] Use 'B.'" The Bylaw defines "Accessory Use 'B'" as "[a]ny small industry or service type operation that is carried on within a residence or accessory building," including "automotive repair." Bylaw § 2.2; see also id. § 5.16 (listing specific Accessory Use "B" requirements).[2] In addition, of the nine possible application categories listed on the permit application form, the following three categories are circled on the 2002 Application: "Residential," "Home Occupation," and "Conditional Use Permit."

The ZBA held public hearings on the 2002 Application in February and March of

_____

[2] By contrast, "Accessory Use 'A'" is defined as "[a]ny occupation that is entirely within a living area of a residence, carried on only by members of the residing household, and is clearly secondary to the use of the dwelling as a residence." Bylaw § 2.2; see also id. § 5.15 (listing specific Accessory Use "A" requirements).

2003; Appellants participated in and testified at both 2003 ZBA hearings. On April 2, 2003, the ZBA denied Applicant's 2002 Application. The ZBA's denial is noted on the application form itself, above the check mark for "denied" at the foot of the application form, as "5 – 0" and as having occurred on "4/2/03"; however, no written decision of the ZBA regarding the 2002 Application (or minutes from the April 2, 2003 ZBA meeting) has been provided to the Court. No party appealed the ZBA's denial of the 2002 Application; it therefore became final and cannot be challenged, either directly or indirectly. 24 V.S.A. §4472(d).

The 2009 Application and the 2009 Zoning Permit

On May 6, 2009, Applicant submitted the zoning permit application at issue in the present appeal, Permit Application No. 09-38 (the 2009 Application). In the space on the form for "Description of proposed project," Applicant stated "work out of my garages," without specifying the type of work proposed. Nothing on the face of the application suggests that Applicant wished to perform automotive work in his garage.

The permit application form also asks whether there are "any subdivision, site plan, or conditional use approvals that apply to the property"; that question was answered "No" on the 2009 Application. This application question does not ask the legal or jurisdictional question of whether a proposed project actually requires conditional use approval or any of the other listed approvals. Rather, it asks whether any such approvals have been issued that apply to the subject property. Because the 2002 Application seeking conditional use approval had been denied by the ZBA, no such approvals existed.

The permit application form also listed several possible choices for the type of application being submitted. On the 2009 Application, the box for the category of "Home occupation or Accessory use" is checked, and the letter "A" is handwritten on the form next to the printed words "Home occupation or Accessory use," indicating

3

that the application was for an "Accessory Use 'A.'" Under the Bylaw, "Accessory Use 'A'" is listed as a "permitted" use in the RA-5 zoning district, while "Accessory Use 'B'" is listed as a "conditional" use in the district. Bylaw § 4.1. Conditional uses require approval from the ZBA prior to issuance of a zoning permit, permitted uses do not require such ZBA approval. See Bylaw § 9.4 (listing the conditional use standards).

Applicant states in his memorandum that it was the Administrative Officer who wrote the letter "A" next to the printed category of "Home occupation or Accessory use."[3] Regardless of who wrote the letter "A" on the form, however, it is the responsibility of the administrative officer who receives an application to determine if the officer has authority to act on the application, or whether it must first be referred to a municipal panel for action. See Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 523 (1999) ("Upon receiving a zoning permit application, the zoning administrator . . . may grant or deny the application, or may refer it to the zoning board for a conditional use permit or to the planning commission for site plan or design plan review."). Generally, "[i]t is not the responsibility of an applicant to determine whether a proposal requires a conditional use approval . . . ; that is the responsibility of the zoning administrator" who must determine whether to refer an application to the ZBA for conditional use review. In re: Appeal of Addison County Eagles, Aerie 3801, No. 13-1-00 Vtec, slip op. at 7 (Vt. Envtl. Ct. May 7, 2001) (Wright, J.).

Even though the garage is detached, and the definition of Accessory Use "A" requires the occupation to be carried on "entirely within a living area of a residence," the Administrative Officer treated the 2009 Application as an application for an Accessory Use "A." Bylaw § 2.2. Because an Accessory Use "A" is a permitted use in the RA-5 zoning district, the Administrative Officer acted on the 2009 Application

---

[3] See Applicant's Response to Appellants' Motion for Summary Judgment, at 4 (Jan. 25, 2010) (stating that the Administrative Officer "himself indicated on the application [that it was for an Accessory Use "A"] by writing 'A'").

himself, rather than forwarding it to the ZBA for conditional use review as an Accessory Use "B."[4] The Administrative Officer approved the 2009 Application on May 11, 2009, granting Applicant a zoning permit (the 2009 Zoning Permit) to do unspecified Accessory Use "A" work out of his detached three-bay garage.[5]

Upon receiving the 2009 Zoning Permit on May 11, 2009, Applicant was required by statute to post "a notice of permit . . . within view from the public right-of-way most nearly adjacent to the subject property until the time for appeal . . . has passed." 24 V.S.A. § 4449(b).[6] Appellants claim in Question 8 of their Statement of Questions and in

---

[4] Because the 2009 Application was not forwarded to the ZBA, the ZBA did not have an opportunity to determine whether to reject it as an impermissible successive application. A municipal panel may, but is not required to, reject an appeal or an application if it considers that the issues have been decided in an earlier decision or "involve substantially or materially the same facts" involved in the earlier appeal or application. 24 V.S.A. § 4470(a). By contrast, that section does not give an administrative officer the discretion to reject a successive application. In addition, if the 2009 Application had been forwarded to the ZBA for conditional use approval, actual notice to adjoining property owners, such as Appellants, would have been required under 24 V.S.A. § 4464(a)(1)(C). Such notice is not required for zoning permits issued by the administrative officer. See 24 V.S.A. § 4449(b).

[5] Applicant states in his memorandum that the permit allows "auto repair activity" out of "one bay of the three-bay garage." Applicant's Response to Appellants' Motion for Summary Judgment, at 3. However, although he and the Administrative Officer may have discussed the location, type, and intensity of work Applicant intended to perform in the garage, that information is not found on the permit itself and this Court cannot read that information into the permit. See In re Smith, 2006 VT 33, ¶¶ 10–12, 179 Vt. 636 (Zoning administrator's unappealed permit is construed no more broadly than what was requested in the permit application.); In re Kostenblatt, 161 Vt. 292, 298 (1994) (stating that "[c]onditions imposed [in a permit] . . . cannot incorporate by reference statements made by an applicant at a hearing"); In re: Anne C. Rose Revocable Trust Building Permit, No. 290-12-07 Vtec, slip op. at 10 (Vt. Envtl. Ct. Sept. 30, 2008) (Wright, J.) (stating that "an oral representation at a hearing is not binding on an applicant unless it is translated into an unambiguous condition of a written ZBA decision" (citing Kostenblatt, 161 Vt. at 298–99)).

[6] In addition, "[w]ithin three days following the issuance of a permit," the Administrative Officer was required by statute to "[p]ost a copy of the permit in at least

their memoranda, as they claimed in their notice of appeal to the ZBA, that Applicant failed to post notice "within view from the public right-of-way most nearly adjacent to the subject property," as required by 24 V.S.A. § 4449(b). However, in the present motions, neither party has moved for summary judgment or submitted any affidavit or factual support for their positions on Question 8.

The 2009 Zoning Permit contained the statement, printed near the foot of the permit form, that "[a]n Interested Person may appeal any decision by the Administrative Officer within 15 days of such decision," and that "[t]his permit shall not take effect until the time for such appeal has passed." This information simply restates the requirements from the state statute that "[a]n interested person may appeal any decision or act taken by the administrative officer in any municipality by filing a notice of appeal . . . within 15 days of the date of that decision or act," 24 V.S.A. § 4465(a), and that "[n]o permit issued pursuant to this section shall take effect until the time for appeal . . . has passed." Id. § 4449(a)(3). Accordingly, interested persons seeking to appeal the Administrative Officer's issuance of the Accessory Use "A" permit had from May 11, 2009, through May 26, 2009, to file a timely appeal. No party filed a timely notice of appeal to the ZBA.

Thus, as of the expiration of the appeal period on May 26, 2009, Applicant held a zoning permit for an Accessory Use "A," which authorized him to do unspecified work out of his detached three-bay garage. Because the 2009 Zoning Permit did not specify the use as "automotive work," the scope of the work allowed by the permit is limited to those uses that properly fall under the definition of "Accessory Use "A," which does not include automotive repair work as that use is specifically defined as an Accessory Use "B." See Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt.

one public place in the municipality until the expiration of 15 days from the date of issuance of the permit." Id. § 4449(b)(2). No party suggests that the Administrative Officer failed to properly post the permit in accordance with 24 V.S.A. § 4449(b)(2).

288, 292-293 (1981) (holding that the scope of a permit is defined only by what was applied for in the permit application and what was approved by the Administrative Officer).

On the other hand, the 2009 Zoning Permit did specifically authorize the Accessory Use "A" work to be conducted in Applicant's detached garage, even though work in a detached garage is contrary to the definition of "Accessory Use 'A.'" See Bylaw § 2.2 (requiring an Accessory Use "A" to be conducted "entirely within a living area of a residence"). This use of the detached garage is a nonconforming use, due to the error of the Administrative Officer in treating the application as an Accessory Use "A" application, rather than referring it for conditional use approval as an Accessory Use "B." See 24 V.S.A. § 4303(15) (defining "nonconforming use" as "including a use improperly authorized as a result of error by the administrative officer"); In re: Valois Airplane Storage Application, No. 254-11-07 Vtec, slip op. at 5, n.1 (Vt. Envtl. Ct. Jan. 12, 2010) (Wright, J.) (stating that a when a zoning administrator erroneously grants a permit that becomes final, the use authorized by that permit "becomes a nonconformity allowed to continue but not to be expanded except under the provisions of the zoning ordinance governing nonconformities").


Appellants' Notice of Appeal of the 2009 Zoning Permit

On June 3, 2009, eight days after the expiration of the appeal period, the Town Clerk received a letter from Appellants seeking to appeal the 2009 Zoning Permit to the ZBA.[7] The ZBA decision characterized Appellants' letter as claiming two bases for the appeal: that the permit was issued in error, and that Applicant had not properly posted

---

[7] Neither party has provided a copy of this letter; however, the ZBA decision refers to it and Applicant does not contest that it was filed. See In re: Appeal of Senesac, Permit No. 09-38, Findings of Fact, Concl. of Law, & Decision, slip op. at 1 (Town of Ferrisburgh ZBA Aug. 20, 2009) [hereinafter 2009 ZBA Decision].

a "Notice of Permit" during the fifteen-day appeal period, as required by 24 V.S.A. § 4449(b). 2009 ZBA Decision, at 1.

<u>Administrative Officer's Purported Revocation of the 2009 Zoning Permit</u>

Also on June 3, 2009, the Administrative Officer sent Applicant a letter stating that "the permit issued to you on May 11, 2009[,] for use of a portion of your garage as a home occupation, Accessory Use 'A', is revoked." Letter from Tom Mansfield, Town of Ferrisburgh Administrative Officer, to Dan Benning, Applicant (June 3, 2009) [hereinafter June 2009 Revocation Letter]. The revocation letter stated two reasons for revocation: first, that the Administrative Officer had received "verbal assurance" from Appellants that Applicant had failed to post a "Notice of Zoning Permit" on the premises for the duration of the fifteen-day appeal period, as required by 24 V.S.A. § 4449(b); and second, that the permit is "invalid in that it was improperly issued" by the Administrative Officer, that is, that he had "incorrectly classified [Applicants'] home occupation as an Accessory Use 'A' . . . and the classification should have been as an Accessory Use 'B.'" <u>Id</u>. The letter did not cite any authority, either from the Bylaw or from a state statute, for the Administrative Officer to revoke an issued permit.

Several mechanisms exist by which an issued zoning permit may be revoked or invalidated. Prior to the time at which a permit becomes final, an administrative officer or municipal panel generally has the inherent authority to recall a permit or other decision to remedy an error. However, this inherent authority is limited in time; "any attempted unilateral reopening or alteration of an issued permit must be done by the issuing authority within the time allotted for appeal of that permit (that is, 15 days in the case of a zoning administrator's action, and 30 days in the case of the ZBA)." <u>In re: Appeal of Addison County Eagles</u>, No. 13-1-00 Vtec, slip op. at 3 (citing <u>In re Appeal of Dunn</u>, No. 2-1-98 Vtec, slip op. at 3–6 (Vt. Envtl. Ct. Mar. 8, 1999); <u>Nash v. Warren Zoning Bd. of Adjustment</u>, 153 Vt. 108, 114 (1989)). However, in the present case the

8

June 2009 Revocation Letter was sent after the expiration of the fifteen-day appeal period.

Section 9.3 of the Bylaw authorizes the Administrative Officer to "declare a Zoning Permit invalid when the officer finds that the application contained any misrepresentations or material inaccuracies"; this section does not limit the time period during which the Administrative Officer may take this unilateral action. However, the June 2009 Revocation Letter did not refer to § 9.3 of the Bylaw, and did not claim that Applicant had made any "misrepresentations or material inaccuracies" in the 2009 Application. More importantly, even though § 9.3 of the Zoning Bylaw authorized the Administrative Officer to invalidate a permit in certain instances, neither party has provided any authority for such a provision in the state enabling statute. See Brennan Woods Ltd. P'ship v. Town of Williston, 173 Vt. 468, 471 (2001) (stating the principle that municipalities may only regulate through authority granted to them by the legislature). Although state law does authorize either an administrative officer or a municipal panel to reject an application that "misrepresents any material fact," 24 V.S.A. § 4470a, that provision does not authorize the subsequent invalidation or revocation of an issued permit.

On the other hand, another section of the state enabling statute, 24 V.S.A. § 4455, allows a municipality to petition this Court to revoke a permit, "after notice and opportunity for hearing," if the Court "determin[es] that the permittee violated the terms of the permit or obtained the permit based on misrepresentation of material fact." Id. However, that section does not authorize either a municipal panel or an administrative officer to revoke a permit. Rather, it requires the municipality to file a petition in this Court. No such petition has been filed by the Town.

Even if the Administrative Officer's purported revocation of the 2009 Zoning Permit was not based in statutory authority, it still was an "act or decision" of the administrative officer that could have been appealed to the ZBA under 24 V.S.A. § 4465.

9

However, unlike the 2009 Zoning Permit, the June 2009 Revocation Letter did not warn Applicant that the revocation would become final if not appealed to the ZBA within fifteen days. Applicant responded to the Administrative Officer by letter dated June 10, 2009, stating that he had "posted the zoning permit notice on [his] property in two locations" for the required posting period, stating that the posting could "be verified by several witnesses," and stating his position that he was therefore in "legal standing to use the [2009 Zoning Permit] as a valid permit." Letter from Dan Benning, Applicant, to Tom Mansfield, Administrative Officer (June 10, 2009). Applicant's letter did not request to appeal the June 2009 Revocation Letter to the ZBA; neither party has provided any response by the Administrative Officer to Applicant's June 10, 2009 letter.

### ZBA Hearing and Decision on the Appeal of the 2009 Zoning Permit

On August 5, 2009, the ZBA proceeded to hold a hearing regarding Appellants' appeal of the 2009 Zoning Permit. Appellants did not attend the ZBA hearing, and facts have not been provided to the Court as to whether they "offer[ed], through oral or written testimony, evidence or a statement of concern related to" their appeal. 24 V.S.A. 4471(a). The ZBA decision does reflect that Appellants' son attended the ZBA hearing and stated that he "was authorized to speak on their behalf," 2009 ZBA Appeal Decision, at 1, but the decision does not state whether he did so.[8]

On August 20, 2009, the ZBA issued its written decision denying Appellants' appeal on the basis that their notice of appeal was not timely, that is, that the notice of appeal "was not submitted within the 15 day period allowed for such appeals under 24 V.S.A. [§ 4465]." 2009 ZBA Decision, at 3. The ZBA also described the evidence presented on behalf of Applicant supporting his compliance with the posting

---

[8] No cross-appeal has been filed, and the Statement of Questions does not raise the issue of whether Appellants' son's participation could qualify as the "participation" by his parents required for them to take an appeal under 24 V.S.A. § 4471(a).

requirement, and made a finding that "[n]o evidence or testimony was provided asserting that the Notice of Zoning Permit[] was not posted on the Benning property adjacent to Burrough[s] Farm Road." Id. The ZBA therefore concluded that "[t]he 'Notice of Zoning Permit' was posted by Mr. Benning as required." Id.[9]

Timeliness of Appeal to ZBA of the 2009 Zoning Permit

In a de novo appeal such as this, "the Court sits in place of the ZBA to consider what was before the ZBA, applying the substantive standards that were applicable before the ZBA." In re: Kibbe Zoning Permit, No. 173-8-07 Vtec, slip op. at 1–2 (Vt. Envtl. Ct. Nov. 6, 2008) (Wright, J.) (citing V.R.E.C.P. 5(g); 10 V.S.A. § 8504(h)). The ZBA first addressed the task of determining whether Appellants' appeal of the 2009 Zoning Permit to the ZBA was timely filed, or whether any circumstances justified Appellants' filing of a late appeal. Because the timely filing of an appeal to the ZBA is a jurisdictional issue, it is similarly the Court's first task in this de novo appeal to determine whether Appellants' appeal was timely filed, regardless of whether one of the parties has raised the issue. See, e.g., In re Verizon Wireless Barton Permit, No. 133-6-08 Vtec, slip op. at 3 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.) ("Legal issues governing [the Court's] jurisdictional authority to hear a pending appeal may be raised at any time, including by this Court sua sponte.").

If Appellants' appeal of the 2009 Zoning Permit was untimely, the Court, like the ZBA, would lack jurisdiction to address any of the questions raised in Appellants' Statement of Questions. 24 V.S.A. § 4472(d); see also Boutwell v. Town of Fair Haven, 148 Vt. 8, 10 (1987) ("The failure to effect a timely appeal extinguishes subject matter

---

[9] The ZBA Decision also contained two other conclusions regarding the 2009 Zoning Permit: that it was "properly issued" as "a permit for an 'Accessory Use "A"' home-based business"; and that, based on the definition of Accessory Use "A," Applicant "must conduct his home-based business within the living area of his residence . . . ." Id.

11

jurisdiction." (citing Harvey v. Town of Waitsfield, 137 Vt. 80, 82 (1979)); Town of Stowe v. Noyes, No. 181-8-00 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 7, 2001) (Wright, J.) (stating that "the trial court lacked subject matter jurisdiction to consider [an appeal], because no party had appealed from the zoning administrator's earlier decision" (citing In re Taft Corners Assocs., 162 Vt. 638, 639 (1994) (mem.))).  The absence of a timely appeal prevents the ZBA or the Court from considering the merits of an appeal, even if the administrative officer issued a permit in error or without the statutory or regulatory authority to do so.  See In re Taft Corners, 162 Vt. at 639 (If a timely appeal of a decision of the zoning administrator is not taken, the trial court is barred under 24 V.S.A. § 4472(d) from asserting jurisdiction "even if the administrator's ruling was ultra vires." (citing Town of Charlotte v. Richmond, 158 Vt. 354, 356 (1992); Levy v. Town of St. Albans, 152 Vt. 139, 142 (1989))).

As previously discussed, Appellants had from May 11, 2009, the date on which the 2009 Zoning Permit was approved by the Administrative Officer, through May 26, 2009, to file a timely appeal of that approval to the ZBA.  24 V.S.A. § 4465(a). Appellants did not file their letter of appeal until June 3, 2009, eight days after the expiration of the fifteen-day appeal period.  Therefore, Appellants' appeal was untimely, depriving the ZBA and this Court of jurisdiction to entertain the appeal, unless some other circumstance justifies the filing of a late appeal.

Even though they did not move for summary judgment on Question 8 of the Statement of Questions, Appellants argue that their appeal was not untimely because Applicant "failed to post notice of his permit within view of the public right-of-way during the appeal period," as required by 24 V.S.A. § 4449(b), "thereby making it impossible for [Appellants] to even know that the permit had been granted to [Applicant]."  Reply to Applicant's Response to Appellants' Motion for Summary Judgment, at 1 (Mar. 8, 2010).  Appellants essentially argue that they should be permitted to file a late appeal because they were not provided with constructive notice

of the permit by Applicant's posting within the fifteen-day appeal period, even though they do not contest that they were provided with constructive notice by the Administrative Officer's proper posting of a copy of the permit. See 24 V.S.A. § 4449(b)(2) (requiring the Administrative Officer, "[w]ithin three days following the issuance of a permit," to [p]ost a copy of the permit in at least one public place in the municipality until the expiration of 15 days from the date of issuance of the permit.").[10]

A prospective appellant who fails to receive either constructive notice or actual notice of the issuance of a permit may be justified in filing a late appeal of that permit to the municipal panel, based on principles of due process. That is, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Town of Randolph v. Estate of White, 166 Vt. 280, 283 (1997) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Although it has not yet addressed the consequences of a permittee's failure to post notice of an issued permit on the property, the Vermont Supreme Court has discussed the issue of whether a late appeal could be warranted if the zoning administrator failed to provide constructive notice by failing to post the permit as required by 24 V.S.A. § 4449(b)).[11] The Vermont Supreme Court first noted that it has

---

[10] Appellants also do not indicate in their legal memoranda or supporting affidavits whether they saw or could have seen the copy of the permit posted by the Administrative Officer, whether they were present at their Burroughs Farm Road property at any time during the appeal period, or when they were actually informed about the issuance of the 2009 Zoning Permit.

[11] In Appeal of Smith, No. 263-12-02 Vtec (Vt. Envtl. Ct. Apr. 14, 2003) (Wright, J.), this Court ruled that a zoning administrator's posting of the required statutory notice was sufficient to provide constructive notice to those who may wish to appeal the permit to the appropriate municipal panel, thereby satisfying due process requirements. Id. at 3. However, at the time Appeal of Smith was decided, "[p]osting in the Town Clerk's

"consistently held that the failure to appeal a zoning decision to the [appropriate municipal panel] bars a subsequent challenge 'even when the decision is alleged to have been void ab initio.'" In re Hignite, 2003 VT 111, ¶ 8, 176 Vt. 562 (citation omitted). The Court went on to observe that

> [e]ven assuming, as we have elsewhere held, that constructive rather than personal notice is sufficient, In re Great Waters of America, Inc., 140 Vt. 105, 109–10, 435 A.2d 956, 959 (1981), the question remains whether due process or fundamental administrative fairness requires that a party deprived of notice of a zoning permit be allowed to contest the permit, notwithstanding the strong policy interests in finality.

Id.

In the present case, Appellants do not contest that the Administrative Officer performed the posting in a public place required under 24 V.S.A. § 4449(b)(2). On the other hand, material facts are disputed, or at least have not been addressed in the present motions, as to whether Applicant performed the posting at the property, also required under § 4449(b)(2).[12]

Because Appellants did not move for summary judgment on Question 8 of the Statement of Questions, and because Applicant did not move to dismiss the appeal as untimely, the parties have not had the opportunity to address whether any disputed

---

Office [was] the only public notice of the issuance of the permit necessary under state law," id. (referencing 24 V.S.A. § 4443(b)(2003)); at that time, permittees were not required by statute to post "a notice of permit . . . within view from the public right-of-way most nearly adjacent to the subject property until the time for appeal . . . has passed." 24 V.S.A. § 4449(b) (2004).

[12] At the ZBA hearing, Applicant "provided verbal testimony and submitted photos and a list of 10 persons who signed a statement in support of [his] claim of compliance with the posting requirement" at his property. 2009 ZBA Decision, at 1–2. Appellants, on the other hand, did not present evidence to dispute Applicant's evidence that he properly posted notice, nor have they come forward on summary judgment with any affidavits or other documentary evidence in support of their contention that Applicant failed to properly post the notice of permit. Id.

14

facts remain as to Applicant's posting of the permit, or to brief the issue of whether the Administrative Officer's undisputed posting nevertheless provides constructive notice sufficient to satisfy due process. As discussed above, if the Court finds that Applicant properly posted the notice of zoning permit, or if the Administrative Officer's undisputed posting of the zoning permit provided sufficient constructive notice to Appellants that the 2009 Zoning Permit had been issued, regardless of whether Applicant posted proper notice, then the fact that Appellants filed an untimely appeal to the ZBA eliminates this Court's jurisdiction and requires dismissal of this appeal.

Accordingly, on or before April 6, 2010, either party may file any additional motions, memoranda, and associated affidavits and evidence regarding Question 8 of the Statement of Questions and the timeliness of the appeal; and on or before April 19, 2010, either party may file any reply memoranda. The Court will thereafter rule on whether this appeal must be dismissed as untimely.

Done at Berlin, Vermont, this 25th day of March, 2010.

_____
Merideth Wright
Environmental Judge

15