VERMONT SUPERIOR COURT
Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00837

Travis Collins v. Nicholas Deml

## DECISION ON MOTION TO DISMISS

The Commissioner of the Department of Corrections moves to dismiss Travis Collins's Rule 74 appeal for lack of jurisdiction. He argues that because Mr. Collins pleaded guilty to a violation of Condition 1 and Special Condition 16 of his furlough conditions, his violation was not a "technical violation," and so not reviewable under 28 V.S.A. § 724. The court denies the motion.

The administrative record establishes that Mr. Collins was cited for violation of multiple conditions of furlough, based in part on having been charged in August 2023 for felony sale and delivery of cocaine and heroin. He was also cited for absconding. At his revocation hearing, he pleaded guilty to all of the alleged violations. The Case Staffing Committee noted that Mr. Collins's criminal charges had been dismissed. It concluded nevertheless that "this staffing should still be viewed as a significant violation due to the absconding and a one year interrupt is fitting."

On this record, Mr. Collins argues that because the Case Staffing Committee relied only on the absconding finding in imposing its interrupt, its decision is reviewable under 28 V.S.A. 724. The Commissioner, in response, argues in part that "28 V.S.A. § 724 affords a high degree of deference to the Department, and specifically carves out determinations based on absconding as an appropriate exercise of discretion." Mot. To Dismiss, 7. This argument turns the statute on its head.

28 V.S.A. § 724(c) provides for judicial review of any furlough interruption greater than 90 days for a "technical violation." A "technical violation," in turn, is "a violation of conditions of furlough that does not constitute a new crime." 28 V.S.A. § 722(4). 28 V.S.A. §724(d), on which the Commissioner relies, states: "It shall be abuse of the Department's discretion to revoke furlough or interrupt furlough status for 90 days or longer for a technical violation, unless: . . . (3) The offender's violation is absconding from community supervision furlough." While the Commissioner is correct that this creates a *per se* rule, the rule is the obverse of the one he proposes. That it is a *per se* abuse of discretion to revoke furlough or impose an interrupt of 90 days or longer for a technical violation that

does <u>not</u> fall within one of subsection (d)'s enumerated exceptions does not mean it is *per se* <u>not</u> an abuse of discretion to do so for a violation that <u>does</u>. This is basic logic.

Rejecting the Commissioner's argument in this respect does not end the inquiry, however. While Mr. Collins points out that the Case Staffing Committee implicitly eschewed any reliance on a violation of either Condition 1 or Special Condition 16 as a basis for its decision, that determination is not binding on this court. The determination whether a violation is technical or not goes to this court's subject matter jurisdiction; the statute plainly confers jurisdiction to hear appeals only from technical violations. It is well established that subject matter jurisdiction cannot be waived. *See Town of Charlotte v. Richmond*, 158 Vt. 354, 358 (1992). It follows, then, that the last word on whether a violation is technical or non-technical goes to the court. Thus, the Case Staffing Committee's determination to review Mr. Collins's violation as a non-technical violation does not preclude this court from concluding otherwise.

The court is therefore bound to consider the Commissioner's argument that violations of Condition 1 and Special Condition 16 are not technical violations. Condition 1 reads, "1. I will not be cited or charged; I will not commit any act punishable by law, including city and municipal code violations." This condition is stated in the disjunctive, only one part of which constitutes a crime; to prove a violation, the Commissioner need have proven only that Mr. Collins was charged with a crime. *See Powers v. Vermont Dept. of Corrections*, No. 22-CV-2228, 2 (Vt. Sup. Ct., Franklin Unit, June 23, 2024). A charge, of course, is proof of nothing. Accordingly, Mr. Collins's guilty plea, without more, is not proof of "a new crime."[1]

---

[1] The court takes this opportunity to note its disagreement with two of its sister courts, each of which has concluded that it is enough to establish a non-technical violation that a furloughee has been charged with a new crime. *See Mitchell v. Deml*, No. 23-CV-3899, 2 (Vt. Super. Ct., Chittenden Unit, Jan. 10, 2024) ("[Appellant] argues that having new criminal charges pending is not sufficient, but that the hearing officer must actually make a factual finding that there was criminal behavior. This is illogical."); *John v. Deml*, No. 23-CV-4221, 2 (Vt. Super. Ct., Orleans Unit, Dec. 3, 2023) ("allegations of assault" fit definition of "a new crime"); *Bouchard v. Deml*, No. 23-CV-1514, 2 (Vt. Super. Ct., Chittenden Unit, July 11, 2023) ("The point is that the revocation is because he is believed to have engaged in criminal activity."). While the authors of these decisions are esteemed colleagues whom the undersigned holds in the highest regard, their arguments do not withstand scrutiny. There is a world of difference—indeed, a world of constitutional dimension—between accusation, allegation, or belief and actual proof of criminal activity. Due process, in the furlough revocation or interruption context, requires "(a) written notice of the claimed violations of [furlough]; (b) disclosure to the [furloughee] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [furlough]." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (made applicable to revocations of furlough by *Young v. Harper*, 520 U.S. 143, 152-53 (1997)). To allow the Commissioner to rest a furlough decision on an accusation, or even a judicial finding of probable cause, would violate the most fundamental due process protections of our Constitution.

The same is also true with respect to Special Condition 16. That condition reads, "I will not purchase, possess, or consume illegal drugs and/or regulated drugs without a prescription from a licensed health care professional." The problem here is that the mere purchase, possession, or consumption of cocaine or heroin is not a crime. Rather, the applicable statutes contain a *scienter* requirement. *See* 18 V.S.A. § 4231 (criminalizing "knowingly and unlawfully" engaging in various activities regarding cocaine); 18 V.S.A. § 4233 (criminalizing "knowingly and unlawfully" engaging in various activities regarding heroin). Without more, Mr. Collins's admission that he violated Special Condition 16 does not satisfy this requirement. Thus, it also is not proof of a "new crime."

## **ORDER**

The court denies the Motion to Dismiss. The clerk will set a one-hour hearing on the merits of Mr. Collins's appeal.

Electronically signed pursuant to V.R.E.F. 9(d): 6/23/2024 8:27 PM

_____
Samuel Hoar, Jr.
Superior Court Judge