STATE OF VERMONT
ENVIRONMENTAL COURT

| | | |
|---|---|---|
| Town of Georgia, | { | |
| Plaintiff | { | |
| | { | |
| v. | { | Docket No. 105-6-10 Vtec |
| | { | |
| Ronald King and Laurie King, | { | |
| Defendants | { | |

## Decision and Order on Motion for Partial Summary Judgment

The Town of Georgia ("Town") has brought an enforcement action against Ronald King and Laurie King ("Defendants") for allegedly violating the Town of Georgia Zoning Regulations ("Regulations") by developing a second dwelling on their property without a zoning permit. The Town has moved for partial summary judgment, asking the Court to find that the terms of the violation discussed in the September 23, 2009 Notice of Violation ("NOV") that the Town of Georgia Zoning Administrator ("ZA") issued to Defendants are final and cannot be challenged in this proceeding. Defendant Ronald King has submitted a memorandum in opposition to the Town's motion, and the Town has replied, but Defendant Laurie King has not filed a response.

In this proceeding, the Town is represented by Amanda S. Lafferty, Esq. with John H. Klesch and David W. Rugh serving as co-counsel. Defendant Ronald King is represented by Daniel P. O'Rourke, Esq., and Defendant Laurie King is self-represented.

## Factual Background

For the sole purpose of putting the pending motion in context, we recite the following facts which we understand to be undisputed unless otherwise noted:

1. Defendants own a 10.03 acre lot located at 857 Sodom Road in the Agricultural/Rural Residential Zoning District (or, AR-1 District) of the Town of Georgia, Vermont.

2. In August 2007, Defendants sought approval from the ZA to place a mobile trailer on their property. At that time, Defendants' property was already developed with one single-family dwelling.

1

3. The ZA informed Defendants that, in order to add the new dwelling to their property, they would need to obtain a subdivision permit from the Town to create a separate lot for their trailer.

4. At some point following this conversation, Defendants placed a mobile trailer on their property and Defendant Ronald King's mother began living in it.[1] At that time, Defendants had not completed the process of receiving a zoning permit for the development.

5. On September 23, 2009, the ZA issued a Notice of Violation ("NOV") to Defendants based on the existence of the trailer on their property. Included in the NOV is a statement that Defendants violated the Regulations by commencing land development without a subdivision permit or a building permit. The NOV also indicates that the "cure for this violation is to remove the second residential dwelling unit," and provides an explanation of Defendants' appeal rights. (See Mot. for Partial Summ. J., Exhibit A, filed Mar. 25, 2011.)

6. The parties dispute when Defendant Ronald King became aware that a NOV had been issued to him. The Town alleges that it mailed the NOV to Defendants by both certified mail and first class mail, and that Defendants received the certified mailing on October 9, 2009.[2] Defendant Ronald King claims to have had no notice of the NOV until sometime in October, 2009.[3]

7. Defendants did not appeal the issuance of the NOV.

8. On June 20, 2010, the Town instituted the present enforcement action against Defendants based on the violation alleged in the NOV.

9. Subsequent to the Town's issuance of the NOV, Defendants applied for permission to use the mobile trailer now on their property as an accessory dwelling. Defendants thereafter received a certificate of occupancy for the trailer.

## Discussion

Pending before the Court is a motion for partial summary judgment filed by the Town requesting that the Court determine that Defendants cannot now challenge the

---

[1] While Defendant Ronald King admits that his mother moved into the trailer after he received a state wastewater permit for a septic system for the trailer, he does not indicate the date of this event.

[2] The Town has submitted a return receipt which includes Defendant Laurie King's signature and a delivery date of October 9, 2009.

[3] While Defendant Ronald King makes this assertion in his general narrative of the actions he has taken in regards to the development on his property, he does not incorporate this assertion into any of the arguments he makes in opposition to the Town's motion for partial summary judgment.

2

zoning violation discussed in the September 23, 2009 NOV that the ZA issued to them. The asserted zoning violation consists of the development by Defendants, without a zoning permit, of a second dwelling on their property.

The Town argues that Defendants did not appeal the NOV and that, therefore, it is final and binding. Defendant Laurie King does not oppose the Town's motion. Defendant Ronald King does not refute that he failed to appeal the NOV. However, he argues that he is not bound by it for three principal reasons: 1) the Town's NOV did not comply with the requirements for a notice of violation found in 24 V.S.A. § 4451(a); 2) it is a disputed fact whether he violated the Regulations; and 3) the Town incorrectly advised him that he should seek a subdivision permit and not an accessory dwelling permit and should be estopped from enforcing its Regulations.

## I.    Summary judgment standard

As we address the pending motion, we note that summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3); see V.R.E.C.P. 3. In our examination of the facts, we give the non-moving party (here, Defendants) the benefit of all reasonable doubts and inferences, and accept as true all assertions made in opposition "so long as they are supported by affidavits or other evidentiary material." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citations omitted).

## II.    Statutory requirements for a notice of violation

Section 4451(a) of Chapter 117 of the Vermont Statutes Annotated requires that a municipality give an individual or entity that the municipality believes is in violation of its zoning ordinance, a notice of the violation and time to "cure" it before the municipality institutes an enforcement action. 24 V.S.A. § 4451(a). The notice should be sent by certified mail and must indicate both that there is a violation and that the "alleged offender" has the opportunity to cure the violation. Id.

The Town has submitted a copy of its September 23, 2009 NOV with its motion for summary judgment and asserts that this NOV is sufficient to trigger the finality provisions discussed in more detail below. The Town's NOV includes a recitation of the sections of the Regulations that the Town alleges Defendants violated, a description of Defendants' actions that violated these Regulations, a statement that

3

Defendants have time to cure the violation, a statement that such a cure would be "to remove the second residential dwelling unit," and a description of Defendants' right to appeal in regard to the NOV. (See Mot. for Partial Summ. J., Exhibit A, filed Mar. 25, 2011.)

Defendant Ronald King argues that the Town's NOV is deficient because the cure the Town describes is removal of the trailer. He asserts that the Town should have indicated that he could also cure the violation by pursuing a subdivision or accessory dwelling permit, and that this deficiency raises a genuine issue of material fact that prevents summary judgment in the Town's favor.

Mr. King is misinformed about what constitutes the "cure" of a violation. A party who submits a permit application for a development that was originally completed without a permit, but for which a permit was required, does not retroactively "cure" the violation through that application. Even if the party were to eventually gain approval for the necessary zoning permit or permits, he or she would still have violated the applicable zoning ordinance from the time the non-permitted development began to the time he or she received the necessary permits. Consequently, we cannot agree with Defendant Ronald King that he has raised a triable issue of fact.

### III.    Finality of the NOV

Individuals or entities who qualify as interested persons with regard to the decisions of municipal administrative officers, such as the recipients of a notice of violation, have a statutorily provided right to appeal that decision. See 24 V.S.A. § 4465(a). Such an appeal must be initiated by filing a notice of appeal with the appropriate municipal panel within 15 days of the decision to be appealed. Id. If persons with the right to appeal an officer's decision fail to do so, they and all other "interested persons affected shall be bound by that decision." Id. § 4472(d). In other words, an appeal of an officer's decision to the appropriate municipal panel within 15 days of that decision is the "exclusive statutory remedy for persons aggrieved by local zoning decisions." Town of Charlotte v. Richmond, 158 Vt. 354, 356 (1992); see 24 V.S.A. § 4472(a).

Here, the Town argues that the terms of the NOV, including the violation described therein, are binding on Defendants because they did not appeal that decision. Defendants do not contest the Town's assertion that they failed to appeal

4

the September 23, 2009 NOV the Town issued to them. Instead, Defendant Ronald King argues that there is a "genuine question" as to whether he violated the Regulations which creates a disputed fact barring summary judgment on the question of whether the violation exists. (See Def. Ronald King's Opp'n to Pl.'s Mot. for Partial Summ. J. 6, filed June 6, 2011.)

We do not accept Mr. King's interpretation of the applicable law. An argument going to whether there was a violation could have been raised in an appeal of the NOV itself, but cannot now be raised in this enforcement action brought by the Town. Because Defendants did not appeal the Town's September 23, 2009 NOV issued to them, under the provisions of § 4472, that decision is now final and cannot be contested. Thus, we do not have jurisdiction to consider the challenge Mr. King raises.

We conclude that Defendant Ronald King has failed to raise a disputed material fact regarding the finality of the NOV, and its terms are binding on Defendants.

## IV. **Equitable estoppel**

Defendant Ronald King's final argument is that partial summary judgment for the Town is not warranted because the doctrine of equitable estoppel should bar the Town from pursuing this enforcement action against Defendants. Specifically, Mr. King argues that the Town incorrectly advised him that he should seek a subdivision permit rather than an accessory dwelling permit, and that he relied on that advice to his financial determent during his pursuit of a subdivision permit.

We would normally begin our analysis of Mr. King's equitable estoppel claim by reviewing the legal standard for that doctrine. However, we need not do so here because Mr. King's argument does not, in fact, support his legal challenge based upon equitable estoppel. The operative action here is not the advice the ZA gave to Mr. King, nor its decision to prosecute Defendants, but rather their decision to place a trailer on their property without first obtaining some sort of zoning approval. Even if the Town's advice to Defendants can be classified as incomplete or misleading, it falls far short of the transgressions that would give rise to an equitable estoppel claim. Mr. King does not allege that the ZA advised Defendants to place a trailer on their property without first obtaining some sort of zoning approval; Mr. King chose to not follow through on what the ZA advised him to do. Rather, he chose to improve his property

5

without any zoning approval. Thus, his argument does not support the application of equitable estoppel to this enforcement action.

We conclude that Defendant Ronald King's argument concerning the application of equitable estoppel neither prevents us from granting partial summary judgment in favor of the Town here (on the question of whether the terms of the NOV are binding on Defendants) nor bars this enforcement action in its entirety.

## Conclusion

For the reasons detailed above, we **GRANT** the Town's motion for partial summary judgment. That is, we find that the terms of the zoning violation presented in the September 23, 2009 NOV the ZA issued to Defendants are final and binding on Defendants. The issues that remain in this action—the appropriate remedies and fines, if any—will be determined at the upcoming merits hearing which is scheduled for August 30, 2011 at the Franklin County Courthouse in St. Albans, VT. Parties are directed to prepare for that hearing.

Done at Rutland, Vermont this 25th day of August, 2011.

Thomas S. Durkin
Environmental Judge