STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION

Docket No. 105-9-19 Vtec

| Town of Pawlet v. Daniel Banyai | DECISION ON MOTION |
| --- | --- |

The Town of Pawlet ("Town") brings this enforcement action seeking injunctive relief, penalties, and attorneys' fees in connection with alleged zoning violations on the property of Daniel S. Banyai ("Mr. Banyai"), located at 541 Briar Hill Road in West Pawlet ("the Property"). Mr. Banyai has made several improvements to the Property for the purpose of operating what has been called a "firearms training facility" ("the Project"). The Project is comprised of certain structures along with outdoor shooting ranges. Pending before the Court is the Town's Motion for Summary Judgment asserting that (1) Mr. Banyai built the Project and continues to operate it without the necessary permits in violation of the Town of Pawlet Unified Bylaws ("Bylaws"), (2) Mr. Banyai is barred from contesting the alleged violations, and (3) the Town is entitled to injunctive and monetary relief. The Town is represented by Merrill E. Bent, Esq. Mr. Banyai represents himself.

**Standard of Review**

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). We take as true the factual allegations made in opposition to the motion, as long as they are supported by affidavits or other evidentiary material that would be admissible at trial. White v. Quechee Lakes Landowner's Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted). "Further, the nonmoving party receives the benefit of all reasonable doubts and inferences." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citation omitted).

## Factual Background

We recite the following undisputed facts solely for the purpose of deciding the pending motion and providing context to the present dispute.

1.     The Town's duly adopted Bylaws state, in relevant part: "No building construction or land development may commence and no land or structure may be devoted to a new or changed use within the municipality without a zoning permit duly issued by the Zoning Administrator." Bylaws, Art. VIII, § 2.

2.     Mr. Banyai owns property at 541 Briar Hill Road in West Pawlet, Vermont ("the Property").

3.     In 2017, Mr. Banyai began operating what has been called a "firearms training facility" ("the Project") on the Property.  This is a new use of the Property.

4.     In connection with this new use, Mr. Banyai built multiple structures without first acquiring a construction or change of use permit.

5.     Along with the structures, the Project is comprised of outdoor shooting ranges.

6.     On December 5, 2017, Mr. Banyai filed an application for a zoning permit with the Town's Zoning Administrator ("ZA"), seeking approval for a "school" structure associated with the Project and for his use of the Property.

7.     On January 2, 2018, the ZA denied the application.  The basis of the ZA's denial was that the "ROW [right-of-way] needs to be 50' (30' ROW)."  In other words, the existing 30-foot right-of-way serving the Property was too narrow.

8.     On April 1, 2018, after the time for appeal had passed, Mr. Banyai submitted a letter to the DRB titled: "Reference: Zoning Appeal."

9.     After a hearing on April 25, 2018, the DRB determined that the Property was a preexisting nonconformity.  Neighboring landowners appealed the DRB's decision to this Court on May 23, 2018.

10.     Sometime between May 29, 2018 and June 4, 2018, while the neighbors' appeal was pending before this Court, Mr. Banyai filed a second permit application with the ZA for approval of the "school" structure and for his use of the Property.  Mr. Banyai listed 541 Briar Hill Road as

his address. The ZA checked the box marked "Approved" and signed the application on June 4, 2018.

11. On January 4, 2019, this Court issued a Decision and Judgment Order finding that Mr. Banyai's April 1, 2018, letter to the DRB was not an untimely appeal of the ZA's original permit denial but rather a distinct application for a variance to accommodate the existing right-of-way. See In re Banyai Variance, No. 53-5-18 Vtec (Vt. Super. Ct. Envtl. Div. Jan. 4, 2019) (Walsh, J.).

12. The Court remanded the matter to the DRB to consider Mr. Banyai's variance application in the first instance. The Court also held that "the ZA's [original] conclusion that the right-of-way did not comply with the Bylaws became final and binding when it went unappealed." Id. at 8–9.

13. After a hearing on remand from this Court, held June 20, 2019, the DRB denied Mr. Banyai's variance application in a decision dated July 11, 2019.

14. The DRB's decision was published at the Town Office, sent to Mr. Banyai via first-class mail, and sent to him at the email address he had used previously to correspond with Town officials.

15. Mr. Banyai acknowledged receipt of the DRB's decision by responding via email on July 16, 2019.

16. Mr. Banyai did not appeal the DRB's decision.

17. The ZA issued a Notice of Violation ("NOV") to Mr. Banyai on August 29, 2019, stating that he was in violation of Article VIII, Section 2 of the Bylaws. Specifically, the NOV stated that Mr. Banyai "erected multiple structures in violation of this provision, and [he was] operating a training facility/shooting school in violation of this provision."

18. The NOV gave Mr. Banyai seven days from receipt to cure the violations and warned that he would not be entitled to an additional warning notice for a violation occurring after the seven days expired. The NOV also advised Mr. Banyai of his right to appeal to the DRB.

19. The NOV was sent to the subject Property at 541 Briar Hill Road in West Pawlet by Certified Mail and first-class mail. The address of the Property is also Mr. Banyai's last known address. The first-class mailing was returned to the Town marked "refused." See a copy of the returned envelope, marked as Exhibit B and attached to the Town's Complaint, filed on September 16, 2019.

20. Mr. Banyai did not appeal the NOV.

## Discussion

The Town's motion asserts that Mr. Banyai is foreclosed from contesting the violations set forth in the NOV issued August 29, 2019, and thus the only matter for the Court to determine in this enforcement proceeding is the proper remedy. Before reaching the substance of the Town's motion, we must address certain preliminary issues.

First, the Town argues that Mr. Banyai's response to its Motion for Summary Judgment must be stricken as untimely. Mr. Banyai filed a document titled "Banyai's statement of undisputed facts" on January 21, 2019, which appears to serve as a response to both the Town's motion and the Town's statement of undisputed facts. The deadline for responses to the Town's motion was January 13, 2020. Mr. Banyai is a self-represented litigant in this matter, and he is therefore entitled to a certain degree of latitude. *See* In re Duval CU Denial, No. 93-8-18 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Mar. 14, 2019) (Walsh, J.) (recognizing that "latitude is necessary," but cautioning that the Court must enforce governing rules equitably and avoid extrapolating arguments from litigants' filings).

In this instance we discern no prejudice to the Town: there has been ample opportunity to respond to Mr. Banyai's filing, and the Town did in fact respond. Given Mr. Banyai's self-represented status and the importance of a full and fair airing of material facts in the summary judgment context, we will consider his filing to the extent it is relevant. However, we caution Mr. Banyai that he is held to the same deadlines as all other litigants before this Court, and he should ensure that future filings are timely.

Second, Mr. Banyai appears to request a jury trial in his response to the Town's motion. Though the Court recognizes Mr. Banyai's concern, "[t]he Vermont Supreme Court has squarely addressed this issue and held that defendants in municipal zoning enforcement proceedings are not entitled to a jury trial, and that the Town has a right to bring these enforcement actions before this Court rather than before a jury." Northfield v. Drown, No. 218-10-08 Vtec, slip op. at 9 (Vt. Envtl. Ct. Sept. 4, 2009) (Durkin, J.) (*citing* In re Letourneau, 168 Vt. 539, 552-54, 726 A.2d 31 (1998). We therefore **DENY** this request.

4

Finally, Mr. Banyai appears to allege improper service of the August 29, 2019 NOV at issue in this case. His allegations lack specificity; he states only that a mailing was returned to the Town. It is undisputed that the NOV was sent to Mr. Banyai at the subject Property by certified and first-class mail. The address of the Property is the same as Mr. Banyai's last known address: 541 Briar Hill Road in West Pawlet. The first-class mailing was returned to the Town marked "refused."

When a municipality seeks to enforce its bylaws, it must provide an alleged offender "seven days' warning notice by certified mail." 24 V.S.A. § 4451(a). The Town sent the NOV in compliance with the statute, and the fact that one of the mailings was refused does not render the notice inadequate. *See* Town of Sharon v. Walter Radicioni, No. 56-6-18 Vtec, slip op. at 1, 3 & n.2 (Vt. Super. Ct. Envtl. Div. Oct. 19, 2018) (Durkin, J.) (notice was "reasonable and adequate" where the Town sent an NOV to the subject property by certified mail, notwithstanding the fact that the defendant refused delivery).

We now turn to the Town's contentions in support of its Motion for Summary Judgment.

The Town asserts that Mr. Banyai is barred from contesting the violations found in the August 29, 2019 NOV. We agree. The undisputed facts show that the ZA issued the NOV in compliance with the requirements of 24 V.S.A. § 4451(a).[1] It is also undisputed that Mr. Banyai did not appeal the NOV to the DRB. A failure to timely appeal decisions of the zoning administrator, such as the NOV in this case, binds all interested parties to the determinations made therein. *See* 24 V.S.A. § 4472(d). An appeal is the "exclusive remedy" available to a party who wishes to challenge the determinations or acts of a municipal officer or panel. *See* 24 V.S.A. §§ 4472(a), (d). This means that parties cannot later contest, "either directly or indirectly," the

---

[1] Pursuant to § 4451(a):

(1) The seven-day warning notice shall state that a violation exists, that the alleged offender has an opportunity to cure the violation within the seven days, and that the alleged offender will not be entitled to an additional warning notice for a violation occurring after the seven days.
(2) A notice of violation issued under this chapter also shall state:
(A) the bylaw or municipal land use permit condition alleged to have been violated;
(B) the facts giving rise to the alleged violation;
(C) to whom appeal may be taken and the period of time for taking an appeal; and
(D) that failure to file an appeal within that period will render the notice of violation the final decision on the violation addressed in the notice.

24 V.S.A. §§ 4451(a)(1), (2). The August 29, 2019 NOV included the information required by statute.

contents of the NOV "in any proceeding, including any proceeding brought to enforce this chapter." 24 V.S.A. § 4472(d).

The Vermont Supreme Court has repeatedly affirmed the exclusivity-of-remedy and finality provisions of § 4472. *See, e.g.*, Town of Charlotte v. Richmond, 158 Vt. 354, 356–57 (1992) (stating that "[t]he Court has strictly enforced the exclusivity-of-remedy provision," and noting: "in the absence of an appeal, all parties are bound by local zoning decisions") (quotations omitted); City of South Burlington v. Dep't of Corr., 171 Vt. 587, 588–89 (2000) ("The broad and unmistakable language of this provision is designed to prevent *any* kind of collateral attack on a zoning decision that has not been properly appealed . . . .") (emphasis in original). Under these circumstances, finality prevails even where the municipal decision is ultra vires or otherwise in error. In re Feeley Constr. Permits, Nos. 4-1-10 Vtec, 5-1-10 Vtec, slip op. at 14 (Vt. Sup. Ct. Envtl. Div. Jan. 3, 2011) (Wright, J.) (*citing* City of S. Burlington, 171 Vt. at 588-89; Levy v. Town of St. Albans, 152 Vt. 139, 142 (1989)).

Mr. Banyai has provided evidence suggesting that on June 4, 2018, the ZA at the time approved his second permit application. Upon receipt of the permit, it would have been eminently reasonable for Mr. Banyai to assume that the Project was approved. Unfortunately, as the Town points out, any approval of Mr. Banyai's Project on June 4, 2018 would have been issued while the same Project was before this Court on appeal from the DRB's April 25, 2018 decision. Once an appeal was pending, the ZA lacked jurisdiction to approve the Project. *See* In re Freimour & Menard Conditional Use Permit, No. 59-4-11 Vtec, slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. June 6, 2012) (Durkin, J.) (discussing the jurisdictional impacts of appellate review and finding that a proper appeal to the Environmental Division divests the municipality of "its jurisdiction over the matter on appeal"). Furthermore, the fact remains that Mr. Banyai failed to appeal the subsequent NOV and he cannot now challenge the violations found therein. *See* Town of Charlotte v. Richmond, 158 Vt. at 357.

Based on the undisputed facts before us, the Town is entitled to judgment as a matter of law with respect to the violations described in the August 29, 2019 NOV.

The Town also seeks remedies in the form of injunctive relief, penalties, and enforcement fees, but we cannot grant the Town's requests for relief at this stage.

The filings and evidentiary materials submitted by both parties and the array of municipal actions related to the Project raise questions that require further factual development. *See* In re Miller Subdivision Final Plan, 2008 VT 74, ¶ 10, 184 Vt. 188 (finding that "summary judgment was inappropriate" in part because the court below lacked sufficient information to make a determination). It is not clear, for example, whether Mr. Banyai's ongoing violations were innocent or not. It is also unclear what Mr. Banyai must do to bring the Property into compliance with the Bylaws, and what opportunities he might have to address deficiencies in his prior permit applications. We are also left to wonder whether Mr. Banyai continues to operate his facility in violation of the zoning provisions that required him to obtain a change of use permit. The Town has not provided an amount for its requested attorneys' fees, nor has it explained or specified the appropriate financial penalties for Mr. Banyai's violations.

The complex history and the current status of this case are enough to confuse the most attentive and well-intentioned landowner. We will consider the Town's requests for relief in due course, after an evidentiary hearing on the relevant issues.

## Conclusion

For the foregoing reasons, the Town's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**. We conclude that the August 29, 2019 NOV is final and binding; Mr. Banyai cannot contest the violations set forth therein. The Court will consider the Town's request for relief and fashion an appropriate remedy after an evidentiary hearing to allow for further factual development. In the interim, the Court Manager will schedule this matter for a pre-trial conference, so the Court may discuss with the parties how best to conduct the evidentiary hearing.

Electronically signed on June 5, 2020 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division