VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00038



| Khan Subdivision Application |
|---|

### ENTRY REGARDING MOTION

Title:          Motion to Alter or Amend a Judgment (Motion #10)

Filer:          Edward Deptula, Appellant (pro se)

Filed Date:     December 11, 2025

Town of Montgomery's Response to Appellant's December 15 Filing, filed by Michael John Tarrant II, esq., on December 15, 2025

Reply to Appellant's Response, filed by Nafis and Sarita Khan, pro se, on December 15, 2025.

**The motion is DENIED.**

This is an on-the-record appeal of a May 5, 2025 decision by the Town of Montgomery (Town) Development Review Board (DRB) approving an application submitted by Nafis and Sarita Khan (Applicants) for subdivision of an undeveloped ±32-acre lot across the street from 561 Highland Drive, Montgomery Center, Vermont (the Property). Neighboring landowner Edward Deptula (Appellant) appealed the DRB's decision to this Court on June 2, 2025. Both Applicants and Appellant are self-represented, and the Town is represented by Attorney Michael Tarrant. Presently before the Court is Appellant's motion to reconsider this Court's December 11, 2025 Entry Order dismissing him for lack of standing (the first December Entry Order). Applicants and the Town oppose the motion.

By way of background, the first December Entry Order found Applicants' response to a brief filed by Appellant sufficed to qualify as a motion to dismiss for lack of standing when viewed under the liberal pleading standards afforded to pro se parties. See Motion at 1 (filed Nov. 25, 2025) ("We do not understand why Mr. Deptula has standing in the decision by the Development Review Board as his house and land is quite a distance away and there are several properties between our proposed subdivision and his properties."). The Court granted the motion, further finding that Appellant failed to demonstrate his standing as an interested person under 24 V.S.A. § 4465(b)(3). This was because he did not show that he owned property in the immediate neighborhood of the subject property, or

that the subdivision would have a physical or environmental impact on his interests under the relevant zoning criteria.

After the first December Entry Order was issued, but on the same day, Appellant emailed the Court contending that he had a right to reply to Applicants' response to his initial filing. The Court noted in a second December Entry Order that such a filing would constitute a surreply, which it was not required to permit under V.R.C.P. 7(b)(4). Even so, the Court construed Appellant's filing as a Rule 59(e) motion to alter or amend the judgment and requested that all parties who wished to submit a response to the motion do so within 14 days of that order. All parties had submitted supplemental filings to their satisfaction by December 15, 2025 and thus did not file any additional materials.

## Legal Standard

Appellant's motion is reviewed under V.R.C.P. 59(e). There are four basic grounds for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow a moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to respond to an intervening change in controlling law." NEWSVT Declaratory Ruling Appeal, 23-ENV-00053, slip. op. at 2 (Vt. Super. Ct. Envtl. Div. May 14, 2025) (Walsh, J.) (citations and quotation omitted). "Rule 59(e) should not be used to relitigate old matters or raise arguments or present evidence that could have been raised prior to entry of the judgment . . . disagreement with the court's decision is not grounds for reconsideration." In re Marsh Zoning Permit, No. 135-7-08 Vtec, slip. op. at 2 (Vt. Super. Ct. Envtl. Div. Dec. 16, 2009) (Wright, J.) (internal quotation, citation and punctuation omitted).

## Discussion

As an initial matter, Appellant does not present any assertion that connects his filing to any recognized basis to grant a motion to alter or amend the judgment. Appellant does not allege that he has discovered new or previously unavailable evidence, or that the relevant law has changed since his original brief was filed. For this reason, the Court considers his arguments under either Rule 59(e)(1) ("to correct manifest errors of law or fact") or alternatively 59(e)(3) ("to prevent manifest injustice").[1] Further, a number of Appellant's arguments seek to improperly relitigate issues raised in his initial

---

[1] In his motion to alter or amend the judgment, Appellant contends "These matters are developing into several V.R.C.P. 60(b) issues," without indicating which issues he is referring to, or how they fall under V.R.C.P. 60(b). Motion at 13. Without more information about which aspects of this proceeding require 60(b) relief and why Appellant believes this is the case, the Court will continue to construe Appellant's arguments under V.R.C.P. 59(e).

brief and his response to Applicants' motion, which the Court already considered in the first December Entry Order. In re Khan Subdivision Application, No. 25-ENV-00038, slip op. at 4, 8, 9 (Vt. Super. Ct. Envtl. Div. Dec. 11, 2025) (McLean, J.). These include the arguments that: Appellant's standing to appeal was established at the DRB proceeding below; Applicants' failure to cross-appeal limits them to addressing issues raised in the Statement of Questions (and so forecloses their ability to challenge Appellant's standing); and the DRB erred in declining to consider the impacts of hypothetical future development (such as traffic) in granting the subdivision permit. Given Rule 59(e)'s prohibition on relitigating previously settled issues, the Court is not required to address these arguments and the motion, having wholly failed to present grounds for reconsideration under Rule 59(e), must be **DENIED**. In re Marsh Zoning Permit, No. 135-7-08 Vtec, slip. op. at 2 (Dec. 16, 2009) (Wright, J.).

However, for the sake of completeness and to the extent it is required to address Appellant's other arguments under Rule 59(e), the Court briefly (re)addresses certain of these previously raised—and resolved—claims. Appellant presents multiple theories to support his motion. First, Appellant argues that the Court should not have construed Applicants' filing as a motion to dismiss, and that because the Court improperly did so, he did not have notice of the decision or an opportunity to file additional materials. Second, he argues that this Court did not have authority to make a determination about his standing after the Montgomery DRB had done so at the March 27, 2025 hearing. Third, he argues that Applicants forfeited arguments regarding Appellant's standing in this Court because they did not object when asked about his standing during the proceeding below. Fourth, he argues that this Court may not address the issue of standing because Applicants did not raise it in their statement of questions. Finally, he argues that the Court improperly considered aspects of the Town's brief in making its determination, and also improperly considered the impacts of Applicants' request for subdivision without considering the impacts of some hypothetical future development.

Construction of Applicants' Filing & Lack of Notice

As set forth in the first December Entry Order, ample precedent exists in support of the fact that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); In re Grundstein, 2020 VT 102, ¶ 7. It follows that because both litigants in this case are pro se, this liberal construction would apply to both parties. Khan Subdivision Application, No. 25-

ENV-00038, slip op. at 2, n. 2 (Dec. 11, 2025) (McLean, J.). Moreover, this Court has an independent obligation under Vermont Rule of Civil Procedure 12(h)(3) to dismiss any action wherein "it <u>appears by the suggestion of the parties or otherwise</u> that the court lacks jurisdiction of the subject matter . . . ." V.R.C.P. 12(h)(3) (emphasis added). This would encompass an obligation to ascertain whether the Court has subject matter jurisdiction over a proceeding once doubts have been raised regarding that issue. See <u>In re Charron 13-Lot PUD Preliminary Plat</u>, No. 24-2-19 Vtec, slip op. at 1 n.1 (Vt. Envtl. Ct. June 7, 2009) (Durkin, J.) (quoting <u>Argbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006) ("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.")). The first line of Applicants' brief suffices to raise the issue of subject matter jurisdiction to this Court via a direct question regarding Appellant's standing to appeal. See Motion at 1 (filed Nov. 25, 2025) ("<u>We do not understand why Mr. Deptula has standing</u> in the decision by the Development Review Board . . . .") (emphasis added).

Appellant had notice of this assertion and filed a response on December 1, 2025. In that filing, he quotes the language questioning his standing to appeal before responding at length. Reply at 1 (filed Dec. 1, 2025). This clearly indicates that he was on notice of Applicants' objection and had an opportunity to address it without restriction by this Court. Additionally, Appellant mentions subject matter jurisdiction numerous times in his initial merits brief, including one instance where he contends that lack of subject matter jurisdiction can negatively impact a judicial body's ability to hear proceedings. These facts, in conjunction, lead the Court to conclude that Appellant appears to understand the impact of a failure to demonstrate standing to appeal. Finally, to the extent Appellant argues that he was unable to file additional materials, that opportunity has now been provided. Thus, his arguments related to the Court's construction of Applicants' filing and notice must fail.

<u>Authority for Standing Determination & Forfeiture</u>

"In an on-the-record appeal, the Court considers only the decision below, the record made before the municipal panel, and the briefs submitted by the parties." <u>In re Saman ROW Approval</u>, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.). The Court will affirm factual findings only if they are supported by substantial evidence in the record below. See <u>In re Stowe Highlands Resort PUD to PRD Application</u>, 2009 VT 76, ¶ 7, 186 Vt. 568. In examining whether there is substantial evidence in the record, the Court does not assess credibility of witness testimony or reweigh conflicting evidence in the record. See <u>Devers-Scott v. Office of Prof'l</u>

Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248; In re Appeal of Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004) (unpub. mem.). The Court then reviews the DRB's legal conclusions without deference, unless such conclusions are within the DRB's area of expertise. Stowe Highlands, 2009 VT 76, ¶ 7. "Whether a plaintiff has standing is a legal question, which [the appellate court] review[s] with no deference to the trial court." Taylor v. Town of Cabot, 2017 VT 92, ¶ 9 (citing Baird v. City of Burlington, 2016 VT 6, ¶ 11).

As Appellant notes in his initial merits brief, it is axiomatic that the need for standing to appeal "cannot be waived, and its absence can be raised at any time." Bischoff v. Bletz, 2008 VT 16, ¶ 15 (citations omitted). This includes the circumstances of this case. Indeed, in the case Appellant cites invoking the above proposition, Town of Charlotte v. Richmond, the Supreme Court explicitly rejects the idea that the municipality in that case waived their standing argument by failing to assert it in the municipal proceeding below. See 158 Vt. 354, 357 ("Defendants' argument that the town waived its jurisdictional claim by failing to assert it below also fails. 24 V.S.A. § 4472 expressly deprives the superior court of subject matter jurisdiction when a timely appeal is not taken to the board of adjustment. Subject matter jurisdiction cannot be waived, and the town was free to allege that defect for the first time before this Court."). For this same reason, the question of standing also cannot be forfeited by a failure to cross-appeal the municipal panel's decision to this Court. Although it is true that the Vermont Rules of Environmental Court Proceedings limit this Court's jurisdiction to issues raised in the Statement of Questions, this does not apply to jurisdictional determinations. V.R.E.C.P. 5(f); In re Garen, 174 Vt. 151, 156; Bischoff, 2008 VT 16, ¶ 15 (citations omitted).

Consideration of Subdivision Application & Town's Brief

The application at issue in this case is Applicants' submission to the Montgomery DRB requesting a subdivision of their property. As the Court previously noted, the only question under consideration here is whether Applicants may permissibly divide their land into smaller parcels under the Town's zoning regulations. Based on the evidence presented to the Court, there has been no application for further development on these parcels, nor any substantive discussion of future development of the parcels at the DRB hearing. As such, consideration of factors like the potential impact of traffic resulting from further (future) subdivision in the context of the current 3-lot subdivision application would be entirely hypothetical, and thus impermissible. See 588 Arnold Bay Road Shoreland Protection Permit, No. 21-ENV-00030, slip op. at 11–12 (Vt. Super. Ct. Envtl. Div. July 1, 2022) (Durkin, J.) ("[T]hese questions present hypotheticals that are not before the Court,

soliciting legal advice in anticipation of issues . . . Responding to such hypotheticals would be improper action by this Court, as we are cautioned not to provide such advisory opinions.") (citations, quotation, and punctuation omitted).

Finally, aside from the fact that the Court explicitly noted that it did not consider the various maps contained in the Town's brief in its first December Entry Order, information regarding the location and relative proximity of Applicants' and Appellant's properties can also be gleaned from the record of the DRB proceeding, which is properly before this Court. See e.g., Record, p. 036. Indeed, a topographical map of the area, together with other information in the record, indicates that Applicants' and Appellant's properties are on different streets, at different elevation levels, in a subdivision containing numerous residential lots.[2] Thus, Appellants' assertion that the Court improperly considered evidence outside the record is in error.

## Conclusion

The Court concludes that Appellant has not identified any errors of fact or law that would necessitate an alteration or amendment of the prior judgment, nor has he pointed to any instance of manifest injustice resulting from the Court's denial of his previous motion. For these reasons, Appellant's Motion to Alter or Amend the Judgment is **DENIED**.

Electronically signed on January 14, 2026 pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[2] This other information includes the Town's Zoning Map, which depicts the portion of the Alpine Haven subdivision in Montgomery, its lots and street network. It also includes references in the record to Applicants' and Appellant's respective street addresses, and repeated references in the record to Appellant's property being south and downhill from Applicants' property.